IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ERNEST POTTS,<br><br>Defendant. | CR 22-104-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Joseph Ernest Potts (Potts) has been accused of violating the conditions of his supervised release. Potts admitted all of the alleged violations. Potts's supervised release should be revoked. Potts should be placed in custody for 104 days, with 30 months of supervised release to follow. Potts should serve the first 180 days of supervised release in the Great Falls Residential Re-Entry Center.

## II. Status

Potts pleaded guilty to Assault on a Federal Officer on June 26, 2023. (Doc. 26). The Court sentenced Potts to 15 months of custody, followed by 3 years of supervised release. (Doc. 34). Potts's current term of supervised

release began on December 11, 2023. (Doc. 36 at 1).

**Petition**

The United States Probation Office filed a Petition on January 5, 2024, requesting that the Court revoke Potts's supervised release. (Doc. 36). The Petition alleged that Potts had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report for substance abuse testing; and 3) by failing to reside at a place approved by his probation officer.

**Initial appearance**

Potts appeared before the undersigned for his initial appearance on March 12, 2024. Potts was represented by counsel. Potts stated that he had read the petition and that he understood the allegations. Potts waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 12, 2024. Potts admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report for substance abuse testing; and 3) by failing to reside at a place approved by his probation officer. The violations are serious and warrant revocation of Potts's supervised release.

Case 4:22-cr-00104-BMM Document 43 Filed 03/13/24 Page 3 of 5

Potts's violations are Grade C violations. Potts's criminal history category is III. Potts's underlying offense is a Class C felony. Potts could be incarcerated for up to 24 months. Potts could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Potts's supervised release should be revoked. Potts should be incarcerated for 104 days, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Potts should serve the first 180 days of supervised release in the Great Falls Residential Re-Entry Center.

### IV. Conclusion

The Court informed Potts that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Potts of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Potts that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Potts stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

3

The Court **FINDS:**

That Joseph Ernest Potts violated the conditions of his supervised release: by using methamphetamine; by failing to report for substance abuse testing; and by failing to reside at a place approved by his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Potts's supervised release and commit Potts to the custody of the United States Bureau of Prisons for 104 days, with 30 months of supervised release to follow. Potts should serve the first 180 days of supervised release in the Great Falls Residential Re-Entry Center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 13th day of March, 2024.

John Johnston
United States Magistrate Judge