IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ERNEST POTTS,<br><br>Defendant. | CR 22-104-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Joseph Ernest Potts (Potts) has been accused of violating the conditions of his supervised release. (Doc. 49). Potts admitted the alleged violations. Potts's supervised release should be revoked. Potts should be sentenced to custody until July 26, 2025, with 24 months of supervised release to follow. The Court further recommends that during the first 12 months of supervised release, Potts shall be placed at a residential re-entry center at the direction of his probation officer. It is further recommended that if a placement at a residential re-entry center becomes

available prior to July 26, 2025, the United States Probation Office shall notify Potts' counsel, who can then make a motion to modify this sentence.

**Status**

On June 26, 2023, Potts pleaded guilty to the offense of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1)(b) as charged in Count 1 of the Indictment. (Doc. 26). Potts was sentenced to 15 months of custody, followed by 3 years of supervised release. (Doc. 34). Potts's current term of supervised release began on April 22, 2024.

**Petition**

On December 13, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Potts' supervised release. (Doc. 49). The Petition alleged Potts violated the conditions of his supervised release by: (1) failing to advise his probation officer he had been terminated from his employment on or about December 5, 2024; (2) being terminated from chemical dependency treatment on December 6, 2024; and (3) failing to reside in a place approved by his probation officer during December of 2024.

**Initial Appearance**

Potts appeared before the Court on January 7, 2025. Potts was represented by counsel. Potts stated that he had read the Petition and that he understood the

allegations against him. Potts waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Potts appeared before the Court on January 7, 2025. Potts admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to advise his probation officer he had been terminated from his employment on or about December 5, 2024; (2) being terminated from chemical dependency treatment on December 6, 2024; and (3) failing to reside in a place approved by his probation officer during December of 2024. Potts' violations are serious and warrant revocation of his supervised release. The Court continued the sentencing hearing until January 21, 2025.

**Sentencing hearing**

Potts appeared before the Court on January 21, 2025. Potts requested a one-week continuance. Potts' sentencing was continued until January 28, 2025, and subsequently rescheduled for January 30, 2025.

**Second Sentencing hearing**

Potts appeared before the Court on January 30, 2025. Potts' violations are Grade C. His criminal history category is III. Potts's underlying offense is a Class C felony. Potts could be incarcerated for up to 24 months. Potts could be ordered to

remain on supervised release for up to 30 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.   Analysis

Potts's supervised release should be revoked. Potts should be sentenced to custody until July 26, 2025, with 24 months of supervised release to follow. The Court further recommends that during the first 12 months of supervised release, Potts shall be placed at a residential re-entry center at the direction of his probation officer. It is further recommended that if a placement at a residential re-entry center becomes available prior to July 26, 2025, the United States Probation Office shall notify Potts' counsel, who can then make a motion to modify this sentence.

## IV.   Conclusion

The Court informed Potts that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Potts of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Potts that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That JOSEPH ERNEST POTTS has violated the conditions of his supervised release by: (1) failing to advise his probation officer he had

been terminated from his employment on or about December 5, 2024; (2) being terminated from chemical dependency treatment on December 6, 2024; and (3) failing to reside in a place approved by his probation officer during December of 2024.

The Court **RECOMMENDS**:

That the District Court revoke Potts' supervised release and sentence Potts to custody until July 26, 2025, with 24 months of supervised release to follow. The Court further recommends that during the first 12 months of supervised release, Potts shall be placed at a residential re-entry center at the direction of his probation officer. It is further recommended that if a placement at a residential re-entry center becomes available prior to July 26, 2025, the United States Probation Office shall notify Potts' counsel, who can then make a motion to modify this sentence.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of February 2025.

_____
John Johnston
United States Magistrate Judge