IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    vs.<br><br><br>JOSEPH ERNEST POTTS,<br><br>                    Defendant. | CR-22-104-GF-BMM<br><br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 3, 2025. (Doc. 60.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on January 30, 2025. (Doc. 59.) The United States accused Joseph Potts (Potts) of violating the conditions of his supervised release by: (1) failing to advise his probation officer he had been terminated from his employment on or about December 5, 2024; (2) being

terminated from chemical dependency treatment on December 6, 2024; and (3) failing to reside in a place approved by his probation officer during December of 2024. (Doc. 49.)

At the revocation hearing, Potts admitted he had violated the conditions of his supervised release by: (1) failing to advise his probation officer he had been terminated from his employment on or about December 5, 2024; (2) being terminated from chemical dependency treatment on December 6, 2024; and (3) failing to reside in a place approved by his probation officer during December of 2024. (Doc. 52.)

Judge Johnston found that the violations Potts admitted prove serious and warrants revocation of Potts's supervised release and recommends a term of custody until July 26, 2025, with 24 months of supervised release to follow. Judge Johnston further recommended that during the first 12 months of supervised release, Potts shall be placed at a residential re-entry center at the direction of his probation officer. It is further recommended that if a placement at a residential re-entry center becomes available prior to July 26, 2025, the United States Probation Office shall notify Potts' counsel, who can then make a motion to modify this sentence.  (Doc. 60.)

The violation proves serious and warrants revocation of Pott's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 60) are **ADOPTED IN FULL. IT IS FURTHER ORDERED** that Joseph Ernest Potts be sentenced to a term of custody until July 26, 2025, with 24 months of supervised release to follow. The Court further recommends that during the first 12 months of supervised release, Potts shall be placed at a residential re-entry center at the direction of his probation officer. It is further recommended that if a placement at a residential re-entry center becomes available prior to July 26, 2025, the United States Probation Office shall notify Potts' counsel, who can then make a motion to modify this sentence.

DATED this 18th day of February 2025.

_____
Brian Morris, Chief District Judge
United States District Court