IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ERNEST POTTS,<br><br>Defendant. | CR 22-104-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.     Synopsis

Defendant Joseph Ernest Potts (Potts) has been accused of violating the conditions of his supervised release. (Doc. 64).  Potts admitted the alleged violation. Potts's supervised release should be revoked.  Potts should be sentenced to custody for 5 months, with no term of supervised release to follow.

**Status**

On June 26, 2023, Potts pleaded guilty to the offense of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1)(b) as charged in Count 1 of the Indictment. (Doc. 26) Potts was sentenced to 15 months of custody, followed by 3 years of supervised release. (Doc. 34) Potts's current term of supervised release began on July 25, 2025.

**Petition**

On April 22, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Potts's supervised release. (Doc. 64). The Petition alleged Potts violated the conditions of his supervised release by: (1) being terminated from his placement the Great Falls Pre-Release Center on April 21, 2026, due to excessive disciplinary infractions.

**Initial Appearance**

Potts appeared before the Court on April 29, 2026. Potts was represented by counsel. Potts stated that he had read the Petition and that he understood the allegation against him. Potts waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Potts appeared before the Court on April 29, 2026. Potts admitted that he had violated the conditions of supervised release as set forth in the Petition. Potts' violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Potts appeared before the Court on April 29, 2026. Potts' violations are Grade C. His criminal history category is III. Potts's underlying offense is a Class C felony. Potts could be incarcerated for up to 24 months. Potts could be ordered to remain on supervised release for up to 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Potts's supervised release should be revoked.  Potts should be sentenced to custody for 5 months, with no term of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Potts that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Potts of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Potts that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Potts waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That JOSEPH ERNEST POTTS has violated the conditions of his supervised release by: (1) being terminated from his placement at the Great Falls Pre- Release Center on April 21, 2026, due to excessive disciplinary actions.

The Court **RECOMMENDS**:

> That the District Court revoke Potts's supervised release and sentence Potts to custody for 5 months with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of April 2026.

John Johnston
United States Magistrate Judge